UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

M. NORMAN HAMMERLORD,

Plaintiff,

v.

VIVIEN WANG, an individual, and DOES 1 through 25 inclusive,

Defendants.

Civil No. 11cv1572-WQH (DHB)

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION TO RECUSE MAGISTRATE JUDGE AND SETTING SETTLEMENT CONFERENCE**

**[ECF No. 45]**

Plaintiff has filed a Motion for Reconsideration of the Court's June 28, 2012 Order Denying Plaintiff's Motion for Sanctions, and a Motion to Recuse the undersigned Magistrate Judge. (ECF No. 45.) Defendant has filed a Response and Opposition. (ECF No. 46.) Plaintiff has not filed a Reply. The Court has reviewed the parties' papers, and for the reasons set forth below, DENIES Plaintiff's motion.

## I. BACKGROUND

On March 6, 2012, Magistrate Judge Louisa S Porter scheduled a Settlement Conference in this case for April 25, 2012. (ECF No. 22.) The order setting the conference stated "*All counsel, all parties, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear in person at the conference. Failure of required counsel and parties to appear in person will be cause for the imposition of sanctions.*" (ECF No. 22, ¶ 5.)

On April 25, 2012, Plaintiff Norman Hammerlord and Defendant's attorney, Richard Davis, personally appeared at the conference. However, Defendant Vivien Wang did not appear. The settlement conference went forward as scheduled. Ultimately, the parties were unable to reach a settlement

agreement and the Court issued a Scheduling Order. (ECF No. 30.)

On May 7, 2012, Plaintiff filed a Motion for Sanctions due to Defendant's failure to appear at the settlement conference. (ECF No. 32.) On June 28, 2012, the Court issued an Order denying the motion. (ECF No. 42.)

On July 31, 2012, Plaintiff filed a Motion for Reconsideration From the Order Denying Plaintiff's Motion for Sanctions and Motion to Recuse Magistrate David H. Bartick. (ECF No. 45.)

## II. ANALYSIS

### A. <u>Motion for Reconsideration</u>

Motions for reconsideration must be made within a reasonable time. Fed. R. Civ. P. 60(c). Under Local Civil Rule 7.1(i)(2), a motion for reconsideration must be filed within twenty-eight (28) days after entry of the order sought to be reconsidered. Federal Rule of Civil Procedure 60(b) allows reconsideration for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P 60(b). Local Civil Rule 7.1(i) also requires any party filing a motion for reconsideration to submit an affidavit that includes, among other information, "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." CivLR 7.1(i)(1).

Motions for reconsideration are disfavored and should be granted only in limited circumstances, such as when the Court "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). *See also Kona Enters., Inc. v Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (stating reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources"). Motions for reconsideration are "not

designed merely to provide a dissatisfied litigant with additional opportunity to sway the Court." *Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc.*, 282 F.R.D. 216, 232 (D. Ariz. March 30, 2012).

Here, Plaintiff's Motion for Reconsideration is untimely. The Court's Order denying Plaintiff's Motion for Sanctions was entered on June 28, 2012. Therefore, the deadline to file a motion for reconsideration was July 26, 2012. The instant motion was filed nunc pro tunc on July 31, 2012, 5 days past the deadline. Moreover, Plaintiff's motion fails to demonstrate any reasons, as enumerated in Rule 60(b), for the Court to reconsider its Order. Plaintiff has not asserted any new facts or evidence, changes in the law, or clear error that would permit this Court to reconsider its prior ruling. Accordingly, Plaintiff's motion for reconsideration of the Order denying Plaintiff's Motion for Sanctions is DENIED.

**B. Motion to Recuse Magistrate Judge**

Plaintiff also seeks to recuse the undersigned Magistrate Judge. Plaintiff expresses his dissatisfaction with the Court's ruling on his Motion for Sanctions and seeks recusal based on his suspicion that the Court and Defendant "may be former associates or friends." (ECF No. 45 at 2:22-23.) Plaintiff refers to the Court as "team Davis and Bartick" and alleges the Court is "bending over backwards to protect Defendant." (*Id.* at 3:12-13.)

Plaintiff does not specify whether his motion for recusal is brought under 28 U.S.C. § 144 or 28 U.S.C. § 455. However, the Court notes that Plaintiff has not met the procedural requirements of Section 144. Under Section 144, the party claiming bias or prejudice of a judge must file "a timely and sufficient affidavit" setting forth "the facts and the reasons for the belief that bias or prejudice exists." Plaintiff did not submit an affidavit with his motion. The failure to submit the required affidavit defeats a motion for disqualification. *See Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1981) ("The failure to follow these elementary procedural requirements defeats a charge of bias."); *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) (stating that § 144 "makes a timely and sufficient affidavit prerequisite to recusal"). *See also Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003) ("Recusal is never granted without the affidavit."). Therefore, the Court will assume Plaintiff's motion is brought pursuant to Section 455.

Section 455 requires a judge to disqualify himself if he has a financial or other personal relationship with one of the parties. 28 U.S.C. § 455. In addition, Section 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in

which his impartiality might reasonably be questioned." *Id.* Under Section 455, recusal is proper only if the judge has a personal bias in the case. Recusal is not warranted on the ground that the judge has previously ruled adversely to the moving party. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (holding Section 455 requires recusal only if "the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceedings"). *See also Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) (stating a "previous adverse ruling alone is not sufficient bias" to provide grounds for recusal). The Ninth Circuit has also noted that "rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are not enough to require recusal. *Clemens v. U.S. Dist. Ct. for Central Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (citing *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).

Here, Plaintiff's allegations stem largely from the Court's adverse ruling on his motion for sanctions. However, that is not an adequate basis for recusal. Plaintiff also questions the Court's impartiality and speculates that the Court had a prior association with Defendant that swayed the Court's ruling. Given Plaintiff's accusations, the Court feels compelled to indicate that its June 28, 2012 Order was motivated only by the desire to reach a fair and appropriate decision. The Court assures Plaintiff that the undersigned Magistrate Judge has no former association with Defendant or her counsel.

Plaintiff has failed to show any adequate basis for recusal under Section 455. Because "a judge has 'as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require,'" the Court declines to recuse in this matter. *Clemens*, 428 F.3d at 1179. Accordingly, Plaintiff's Motion to Recuse is DENIED.

**C. <u>Request for Sanctions and to Reset Settlement Conference</u>**

Plaintiff requests sanctions in the amount of $2,500 based on Defendant's failure to appear at the April 25, 2012 Settlement Conference. The Court previously denied Plaintiff's request for monetary sanctions. (ECF No. 42.) Because the Court finds reconsideration is not appropriate, the Court will not revisit Plaintiff's renewed request for monetary sanctions.

Plaintiff also requests that the Court reset the settlement conference. The Court believes that a further settlement conference may be beneficial in this case. Therefore, Plaintiff's request to reset the Settlement Conference is GRANTED.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Reconsideration from the Order Denying Plaintiff's Motion for Sanctions and Motion to Recuse Magistrate Judge David H. Bartick is DENIED.

A further Settlement Conference shall be held on **October 22, 2012** at **10:00 a.m.** in the chambers of the Honorable David H. Bartick, United States Magistrate Judge, U.S. Courthouse, 940 Front Street, Suite 5140, San Diego, California. *All counsel, **all parties, including Defendant Vivian Wang**, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear **in person** at the conference. Failure of required counsel and parties to appear in person, may be cause for the imposition of sanctions.* All conference discussions will be informal, off the record, privileged, and confidential.

IT IS SO ORDERED.

DATED: September 6, 2012

DAVID H. BARTICK
United States Magistrate Judge