# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M. NORMAN HAMMERLORD,<br><br>                  Plaintiff,<br>  vs.<br><br>VIVIEN WANG, an individual; and DOES 1 through 25 inclusive,<br><br>                  Defendants. | CASE NO. 11cv1572-WQH-DHB<br><br>**ORDER** |

HAYES, Judge:

    The matters before the Court are the Motion for Summary Judgment or Alternatively Summary Adjudication of Issues, and Motion for Judgment on the Pleadings ("Motion for Summary Judgment") filed by Defendant (ECF No. 49), and the Motion for Writ of Review filed by Plaintiff (ECF No. 54).

**I.   Background**

    On July 15, 2011, Plaintiff M. Norman Hammerlord, proceeding pro se, filed a Complaint in this Court. (ECF No. 1). The Complaint alleges that Defendant Vivien Wang is the owner of Parkview Senior Apartments ("Parkview Apartments") in San Diego, and Plaintiff has been a resident of Parkview Apartments since January 1, 2000. The Complaint alleges that Plaintiff's housing was subsidized by the United States Department of Housing and Urban Development ("HUD") and the San Diego Housing Commission, and "Plaintiff was told that he could stay at Parkview [Apartments] indefinitely (life) as long as he obeyed the rules and regulations." *Id*. at 3. The Complaint alleges that, on January 3, 2011, four detectives from the San Diego Police Department searched Plaintiff's apartment based upon a "false and

misleading report" that "may have been made" by Carl Moccafiche, the apartment manager, and Victoria McCoullough, a tenant. *Id*. at 4. The Complaint alleges that, on May 31, 2011, Defendant served Plaintiff with a ninety day notice of termination of tenancy. The Complaint alleges five claims for relief: (1) fraudulent statements in violation of 18 U.S.C. § 1001; (2) terminating Plaintiff's lease in violation of 42 U.S.C. § 1437f; (3) invasion of privacy; (4) violation of the Civil Rights Act, 42 U.S.C. § 1981 and/or § 1983; and (5) harassment.

On December 26, 2012, Defendant filed the Motion for Summary Judgment. (ECF No. 49). Defendant states:

> [T]his Motion is made pursuant to Plaintiff's inability to prove the essential elements of each claim for relief because of a lack of evidence. This motion is further made pursuant to (1) Plaintiff's lack of a private right to action for his First Claim for Relief; (2) the full faith and credit clause for his Second Claim for Relief; (3) and a failure to show any factual support for his Third, Fourth, and Fifth Claims for Relief.

*Id*. at 2. In support of the Motion for Summary Judgment, Defendant filed three affidavits and numerous exhibits.

On January 16, 2013, Plaintiff filed a brief in opposition to the Motion for Summary Judgment and a verified brief which was filed in an unlawful detainer action filed by Wang against Hammerlord in San Diego County Superior Court. (ECF No. 56).

On January 16, 2013, Plaintiff filed the Motion for Writ of Review requesting that this Court "review" a November 7, 2011 order issued by the San Diego Superior Court entering judgment in favor of Wang and against Hammerlord in the unlawful detainer action and awarding possession of Plaintiff's former apartment unit to Wang. (ECF No. 54 at 4).

On January 23, 2013, Defendant filed a reply in support of the Motion for Summary Judgment. (ECF No. 58). On January 29, 2013, Defendant filed an opposition to the Motion for Writ of Review. (ECF No. 59). On February 8, 2013, Plaintiff filed a reply brief in support of the Motion for Writ of Review. (ECF No. 60).

## II.  Standard of Review

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The materiality of a fact is determined by the substantive law governing the claim or defense. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party has the initial burden of demonstrating that summary judgment is proper. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). The burden then shifts to the opposing party to provide admissible evidence beyond the pleadings to show that summary judgment is not appropriate. *See Celotex*, 477 U.S. at 322-24. To avoid summary judgment, the opposing party cannot rest solely on conclusory allegations of fact or law. *See Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, the nonmovant must designate which specific facts show that there is a genuine issue for trial. *See Anderson*, 477 U.S. at 256. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *See id.*

**III.   Discussion**

    **A.   Motion for Summary Judgment**

        **1.   Claim One: 18 U.S.C. § 1001**

The first claim for relief alleges fraudulent statements in violation of 18 U.S.C. § 1001. Section 1001 is a criminal statute that does not expressly create a private right of action. *See id.* Section 1001 is "nothing more than a bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone." *Cort v. Ash*, 422 U.S. 66, 79-80 (1975); *see also Abou-Hussein v. Gates*, 657 F. Supp. 2d 77, 81 (D.D.C. 2009) ("[P]laintiff's claims of fraud or false statements under 18 U.S.C. § 1001 ... are ... barred because th[is] criminal statute[] do[es] not expressly create a private right of action upon which plaintiff may sue defendants."), *aff'd*, 2010 WL 2574084 (D.C. Cir., June 11, 2010); *Fed. Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 138 (4th Cir. 1987) (no private right of action for violating 18 U.S.C. § 1001); *Mueller v. United States*, No. 10-00276, 2010 WL 5060544, at *4 (C.D. Cal.,

1   Oct. 22, 2010) (same). The Court finds that there is no private right of action for violating 18
2   U.S.C. § 1001. Even if there were a private right of action, Plaintiff has failed to provide
3   admissible evidence that Defendant "ma[de] any materially false, fictitious, or fraudulent
4   statement or representation," or otherwise violated § 1001. 18 U.S.C. § 1001(a)(2). The
5   Motion for Summary Judgment is granted as to the first claim for relief.

### 2. Claim Two: 42 U.S.C. § 1437f

The second claim for relief alleges that Defendant terminated Plaintiff's lease in violation of 42 U.S.C. § 1437f. Section 1437f provides that "the lease between the tenant and the owner shall be for at least one year or the term of such contract, whichever is shorter," and "during the term of the lease, the owner shall not terminate the tenancy except for serious or repeated violation of the terms and conditions of the lease, for violation of applicable Federal, State, or local law, or for other good cause." *Id*. § 1437f(d)(1)(B)(i)-(ii).

Wang has produced evidence that during the trial in the state court unlawful detainer action, Hammerlord raised his argument concerning 42 U.S.C. § 1437f(d)(1)(B)(ii). (ECF No. 49-6 at 5). Wang has produced evidence that, on November 7, 2011, the state court entered judgment in favor of Wang and against Hammerlord in the unlawful detainer action.[1] *Id*. at 2-3. The Full Faith and Credit Act, 28 U.S.C. § 1738, requires a federal court to "give the same preclusive effect to a state-court judgment as another court of that State would give." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (quotation omitted). Based upon state-law principles of issue preclusion and the undisputed evidence, Hammerlord is precluded from relitigating the issue of whether 42 U.S.C. § 1437f(d)(1)(B)(ii) prevented Wang from evicting Hammerlord. *See Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990) ("Collateral estoppel precludes relitigation of issues argued and decided in prior proceedings.... First, the issue sought to be precluded from relitigation must be identical to that decided in a

---

[1] Hammerlord states in his brief that the state court judgment is "not final" because a "notice of appeal [is] soon to be filed," and there is a Motion for Writ of Review pending in this action. (ECF No. 56 at 7). Hammerlord has filed no evidence indicating that a notice of appeal has been filed in state court and Hammerlord has cited no authority indicating that the state appellate court would accept as timely a notice of appeal filed over a year after the trial court entered judgment. *Cf.* Cal. R. Court 8.822 (notice of appeal must be filed no later than 90 days after entry of judgment).

former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.").

Even if the Full Faith and Credit Act did not prevent Hammerlord from relitigating the applicability of 42 U.S.C. § 1437f(d)(1)(B), Wang has produced evidence that Hammerlord signed a written lease agreement which expired on June 30, 2002, and thereafter Hammerlord continued living at Parkview Apartments without a written lease and paying rent on a monthly basis. (ECF No. 51 at 2). Pursuant to California law, Hammerlord had a month-to-month lease agreement after June 30, 2002.[2] *See* Cal. Civ. Code § 1944 ("A hiring of lodgings or a dwelling house for an unspecified term is presumed to have been made for such length of time as the parties adopt for the estimation of the rent. Thus a hiring at a monthly rate of rent is presumed to be for one month. In the absence of any agreement respecting the length of time or the rent, the hiring is presumed to be monthly."). Wang has produced uncontroverted evidence that on February 23, 2011, Hammerlord was served with a sixty-day notice of termination of tenancy, and on May 31, 2011, Hammerlord was served with a ninety-day notice of termination of tenancy. (ECF No. 51 at 2). The ninety-day notice of termination of tenancy informed Hammerlord that "[t]he owner is electing to opt out of the [HUD] Section 8 program and/or not renew your lease and you are being served with this notice pursuant to Title 42 United States Code Section 1437f(d)(1)(B)(ii)." (ECF No. 51-3 at 2). The Court finds that, as a matter of law, Hammerlord's tenancy was not terminated "during the term of the lease." 42 U.S.C. § 1437f(d)(1)(B)(ii). Accordingly, the "good cause" provision did not apply. *Id*. The Court concludes that summary judgment should be granted as to Hammerlord's

---

[2] Hammerlord alleges, without citation to evidence, that "Plaintiff was told that he could stay at the Parkview indefintely (life) as long as he obeyed the rules and regulations." (ECF No. 1 at 3). Even if Hammerlord had produced admissible evidence of this, by operation of law, Hammerlord's tenancy would be month-to-month. *See Wallace v. Daley*, 220 Cal. App. 3d 1028, 1039 (1990) ("Because the rental agreement provided that rent would be paid monthly for an indefinite term, a tenancy from month to month was created. Such a tenancy is terminated only by written notice given thirty days in advance.") (citations omitted).

1  claim that his tenancy was terminated in violation of 42 U.S.C. § 1437f(d)(1)(B)(ii). The
2  Motion for Summary Judgment is granted as to the second claim for relief.

### 3. Claim Three: Invasion of Privacy

The third claim for relief alleges that "Defendant[] ... willfully and intentionally intrude[d] into Plaintiff's solitude." (ECF No. 1 at 10). The Complaint alleges that the search of his apartment by police officers on January 3, 2011 constituted an "invasion of Plaintiff's sanctuary." *Id.* at 4.

The elements of an action for invasion of privacy based upon intrusion upon solitude are: "(1) intrusion into a private place, conversation or matter, (2) in a manner highly offensive to a reasonable person." *Shulman v. Group W Prods., Inc.*, 18 Cal. 4th 200, 231 (1998). In order to establish the first element, Plaintiff must produce evidence that "defendant[] intentionally intruded, physically or otherwise, upon the solitude or seclusion of another." *Id.* (quotation omitted).

Plaintiff has produced no evidence that Defendant caused the police officers to search Plaintiff's apartment. The Complaint, which is not evidence, merely alleges that the police search "may have been" the result of a report by Moccafiche, the apartment manager, and McCoullough, a tenant. *Id.* at 4. Plaintiff has produced no evidence that "[D]efendant[] intentionally intruded, physically or otherwise, upon the solitude or seclusion of [Plaintiff]." *Shulman*, 18 Cal. 4th at 231 (quotation omitted). The Motion for Summary Judgment is granted as to the third claim for relief.

### 4. Claim Four: Violation of the Civil Rights Act

The fourth claim for relief alleges a violation of the "Civil Rights Act." (ECF No. 1 at 10). The Complaint references 42 U.S.C. § 1981 and § 1983.

Section 1981 "by its broad terms, ... proscribe[s] discrimination in the making or enforcement of contracts against, or in favor of, any race." *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 295 (1976). In order to establish a violation of 42 U.S.C. § 1981, Plaintiff must produce evidence that he "is a member of a protected class," *Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1145 (9th Cir. 2006), and Defendant acted with "discriminatory

intent." *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 850 (9th Cir. 2004). In the Motion for Summary Judgment, Defendant stated: "Plaintiff has failed to allege a single fact showing that he belongs to a racial minority and that Defendant Wang intended to discriminate against him on the basis of race." (ECF No. 49-1 at 9). In opposition to the motion, Plaintiff failed to produce evidence that he is a member of a protected class or that Defendant acted with discriminatory intent. Summary judgment is appropriate as to Plaintiff's claim that Defendant violated 42 U.S.C. § 1981.

"A § 1983 plaintiff must demonstrate a deprivation of a right secured by the Constitution or laws of the United States, and that the defendant acted under color of state law. While generally not applicable to private parties, a § 1983 action can lie against a private party when he is a willful participant in joint action with the State or its agents." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quotation omitted). Plaintiff has failed to produce evidence that Defendant acted under color of state law or was a willful participant in joint action with the State or its agents. Summary judgment is appropriate as to Plaintiff's claim that Defendant violated 42 U.S.C. § 1983.

The Motion for Summary Judgment is granted as to the fourth claim for relief.

### 5. Claim Five: Harassment

The Complaint's fifth claim for relief, alleging harassment, does not specify the legal or factual basis for the claim. In opposition to the Motion for Summary Judgment, Plaintiff states that the harassment claim is based upon the allegations that "Defendant[] kicked a sixty eight year old elder veteran out into the streets and left him homeless without any good cause or reason." (ECF No. 56 at 8).

California's Fair Employment and Housing Act provides that "[i]t shall be unlawful ... [f]or the owner of any housing accommodation to discriminate against or harass any person because of the race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information of that person." Cal. Gov't Code § 12955(a).

Defendant has produced evidence that Plaintiff was evicted from Parkview Apartments

because Defendant "is electing to opt out of the Section 8 program." (ECF No. 49-4 at 2). Plaintiff has not produced admissible evidence demonstrating that Defendant had any other motivation, such as "to discriminate against or harass" Plaintiff. Cal. Gov't Code § 12955(a). The California Court of Appeal has stated: "[W]e find no indication that the purpose of the [relevant amendments to the Fair Employment and Housing Act] is to compel landlords to participate in the Section 8 program. The only indication of any legislative purpose on this issue is to the contrary...." *Sabi v. Sterling*, 183 Cal. App. 4th 916, 942 (2010). The legality of Plaintiff's eviction has been litigated in the state court unlawful detainer action, and judgment was entered against Hammerlord. The Court finds that Plaintiff has failed to produce evidence sufficient to create a genuine issue of material fact as to a claim for harassment related to his eviction from the Parkview Apartments. The Motion for Summary Judgment is granted as to the fifth claim for relief.

**B.     Motion for Writ of Review**

In the Motion for Writ of Review, "Plaintiff requests the Court to review the 07 November 2011 state court order." (ECF No. 54 at 4). Plaintiff contends that "[t]he state court acted without or in excess of its authority in awarding Wang ... the[] 07 November 2011 eviction order and award." *Id*. at 3.

Defendant contends that this Court is precluded from reviewing the state court unlawful detainer order and judgment by operation of the *Rooker-Feldman* doctrine.[3] "*Rooker-Feldman* is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments...." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (quotation omitted). "Simply put, the United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings." *Id*. (citation omitted); *see also Noel v. Hall*, 341 F. 3d 1148, 1164 (9th Cir. 2003) ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks

---

[3] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)

relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court.").

The Motion for Writ of Review requests that this Court review the final determination of the state court which issued the order and judgment in the unlawful detainer action. The Court is precluded from granting the Motion for Writ of Review pursuant to the *Rooker-Feldman* doctrine. Alternatively, as discussed above, the Full Faith and Credit Act, 28 U.S.C. § 1738, requires this Court to "give the same preclusive effect to a state-court judgment as another court of that State would give." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (quotation omitted). The Motion for Writ of Review is denied.

**IV.   Conclusion**

IT IS HEREBY ORDERED that the Motion for Summary Judgment is GRANTED. (ECF No. 49). The Motion for Writ of Review is DENIED. (ECF No. 54). The Clerk of the Court shall enter Judgment in favor of Defendant and against Plaintiff.

DATED: April 15, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge